IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARCUS A. WEAVER**                                                                      **PETITIONER**

v.                                                         **CIVIL ACTION NO. 3:21-cv-5-KHJ-MTP**

**WARDEN S. D. WITHERS**                                                 **RESPONDENT**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Marcus A. Weaver. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be DENIED and this action be DISMISSED with prejudice.

## BACKGROUND

In December of 2007, Petitioner was convicted of bank robbery in the United States District Court for the Western District of Missouri, and that court sentenced Petitioner to 151 months of imprisonment and 3 years of supervised release. *See* Judgment [16-4]. After his release from prison, Petitioner violated the terms of his supervised release. On May 11, 2020, Petitioner's supervised release was revoked, and he was sentenced to 24 months of imprisonment. *See* Judgment [16-6].[1]

Petitioner is incarcerated at the United States Penitentiary in Yazoo City, Mississippi. On January 5, 2021, Petitioner filed his Petition, arguing that he is entitled to habeas relief because the Federal Bureau of Prisons ("BOP") should have provided him additional "good time" credits

---

[1] Jurisdiction over Petitioner's supervised release was transferred to the United States District Court for the Southern District of Illinois, which imposed Petitioner's sentence for violating the terms of his supervised release. *See* Order [16-5].

1

pursuant to the First Step Act. Additionally, Petitioner argues that his initial sentence for bank robbery was improperly enhanced under the sentencing guidelines.

## ANALYSIS

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Petitioner brings claims relating to both the execution and legality of his sentence. The undersigned will first address Petitioner's claim relating to the legality of his sentence.

### *Sentence Enhancement*

According to Petitioner, during his sentencing for bank robbery, the district court considered his prior convictions for "auto theft" and "auto tampering" and enhanced his sentence under the Armed Career Criminal Act ("ACCA").[2] Citing "*Johnson*, *Welch & Williams*,"[3]

---

[2] The ACCA requires a court to enhance a defendant's sentence if the defendant has three prior convictions for violent felonies or serious drug offenses committed on three different occasions. The ACCA recognizes three categories of felonies: (1) convictions that have "as an element the use, attempted use, or threatened use of physical force against the person of another;" (2) convictions for "burglary, arson, or extortion" or crimes that involve "the use of explosives;" and (3) conviction for crimes that involve "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

[3] By mentioning *Johnson* and *Welch*, it is apparent that Plaintiff is referencing *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the United States Supreme Court ruled that the clause, "conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague, and in *Welch*, the Supreme Court deemed its ruling in *Johnson* to be retroactive. However, it is not apparent which case Petitioner is referencing when he mentions "*Williams*." Petitioner may be referring to *Williams v. United States*, 795 F. Appx. 676 (11th Cir. 2019). In *Williams*, the United States Court of Appeals for

Petitioner argues that the crimes of "auto theft" and "auto tampering" are not considered crimes of violence and, thus, cannot support his sentence enhancement under the ACCA.

As previously stated, a federal inmate's challenge to the validity of his sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Ojo*, 106 F.3d at 683. There is, however, a "back door" to Section 2255 known as the "savings clause," which allows a Section 2241 petition under certain limited circumstances. The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Thus, "a section 2241 petition that seeks to challenge a federal sentence or conviction—thereby effectively acting as a section 2255 motion—may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 452 (citation omitted). The "inadequacy or inefficacy requirement is stringent." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A Section 2241 petition is not a substitute for a Section 2255 motion, and Petitioner bears the heavy burden of establishing the inadequateness or ineffectiveness of the Section 2255 motion. *Pack*, 218 F.3d at 452. Courts find a remedy under Section 2255 to be inadequate or ineffective "only in extremely limited circumstances." *Id*.

---

the Eleventh Circuit reversed a defendant's sentence, holding that the defendant's prior conviction could not support the ACCA enhancement he received in light of the Supreme Court's rulings in *Johnson* and *Welch*.

To satisfy the requirements of the savings clause, Petitioner must demonstrate that (1) he raises a claim "that is based on a retroactively applicable Supreme Court decision," (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion," and (3) the retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense" or, in other words, the petitioner may be actually innocent. *Reyes-Requena*, 243 F.3d at 904.

Petitioner specially argues that the savings clause allows this Court to consider his claim challenging a sentence enhancement. Petitioner asserts that he has previously filed two Section 2255 motions and that another such motion would be inadequate and ineffective to test the legality of his detention. Contrary to Petitioner's assertion, his claim does not meet the stringent requirements of the savings clause.

The United States Court of Appeals for the Fifth Circuit "has repeatedly held that challenges to the validity of a sentence enhancement do not satisfy the savings clause of § 2255(e)." *Williams v. Nash*, 796 F. App'x 233, 234 (5th Cir. 2020) (citing *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); and *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). Such challenges do not meet the actual innocence prong of the *Reyes-Requena* test. "[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d at 230. Accordingly, Petitioner has failed to meet the requirements of the savings clause, and this Court lacks jurisdiction to consider his claim challenging a sentence enhancement in this Section 2241 Petition. *See Olten v. Nash*, 2020 WL 6126281 (S.D. Miss. April 6, 2020).

*Good-Time Credit*

Petitioner also challenges the BOP's calculation of his sentence, arguing that he is entitled to an additional 87 days of good-time credit. In 2018, Congress passed and the president signed the First Step Act ("FSA"), which, among other things, adjusted the manner in which the BOP calculates good-time credit. The FSA increased the maximum number of days an inmate can earn per year from 47 to 54. *See* 18 U.S.C. §3624(b)(1).

Petitioner is currently serving a sentence for a violation of the terms of his supervised release which he received on May 11, 2020. Unquestionably, the FSA and its more favorable good-time-credit calculation applies to the time Plaintiff is serving on his current 24-month sentence. Petitioner, however, argues that because the FSA is retroactive, the new calculation should be applied to (and he should receive additional good-time credit for) the time he served for his original conviction.

Courts across the country have rejected the argument Petitioner raises here. *See*, *e.g.*, *Parks v. Quay*, 2020 WL 2525957, at *2 (M.D. Pa. May 18, 2020) (collecting cases). "As the District of New Jersey, the Northern District of West Virginia, and the Western District of Wisconsin have all squarely held in considering precisely this question, a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time." *Kieffer v. Rios*, 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019). "To hold otherwise would unjustly enrich the petitioner for new criminal conduct." *Bowling v. Hudgins*, 2020 WL 1918248, at *4 (N.D. W. Va. Mar. 16, 2020). "The moment that [petitioner's] prior terms of imprisonment ended was also the moment that [he] became ineligible for additional good-time credit resulting from those terms of imprisonment." *See Beal v. Kallis*, 2020 WL 822439, at *2 (D. Minn. Jan. 7, 2020). As Petitioner's sentence for a violation of the terms of his

supervised release is separate from his original sentence for purposes of calculating good-time credits, Petitioner has failed to demonstrate that he is entitled to additional good-time credits.[4]

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 28th day of July, 2021.

s/Michael T. Parker<br>
UNITED STATES MAGISTRATE JUDGE

---

[4] In addition to arguing the merits of Petitioner's claim concerning good-time credits, Respondent argues that Petitioner's claim should be dismissed because he failed to exhaust his administrative remedies. The undersigned finds that, in the interest of judicial economy, Petitioner's claim should be dismissed with prejudice as it lacks merit. *See Nichols v. Joslin*, 2005 WL 1017833, at *2-3 (N.D. Tex. Mar. 25, 2005) ("federal courts may deny a § 2241 petition on the merits despite a lack of exhaustion").